UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN M. HILL,

        Plaintiff,                      Case No. 1:20-cv-533

v.                                           Honorable Janet T. Neff

D. NEWHALL et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant Newhall remains in the case.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan.  The events about which he complains, however, occurred at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff sues MDOC Director Heidi Washington and the following SLF officials:  Corrections Officer D. Newhall; Lieutenant Unknown Garcia; Sergeants L. Marburg and Unknown Salinas; Inspector Unknown Salinas; Assistant Warden Mark McCullick; and the Unknown Warden (Unknown Party).

Plaintiff alleges that, on November 29, 2018, between 9:00 and 9:35 a.m., Defendant Newhall came to his room to do a cell search.  Defendant Newhall removed Plaintiff's cellmate from the cell, but Plaintiff remained asleep, because he was hungover from drinking prison alcohol the prior evening.  Plaintiff also is hearing impaired and uses bilateral hearing aids.

Once Defendant Newhall had removed the alcohol from the cell, he leaned forward and grabbed one of Plaintiff's hard-soled state shoes.  Defendant Newhall tossed the shoe at Plaintiff, using an underhand throw.  The shoe missed Plaintiff.  Defendant Newhall then grabbed the other shoe and threw it overhand at Plaintiff, striking Plaintiff in the face.  Plaintiff sprang awake, and his cellmate was permitted to reenter the cell.  Plaintiff looked at his face and saw swelling and bruising beginning next to his eye, caused by being struck with the shoe.

The next time his room was opened, Plaintiff spoke with a sergeant, who advised Plaintiff that he would call health services.  Plaintiff was then escorted to health services, where he was given medical attention, including an x-ray.  While Plaintiff was at health services, he described the incident to Defendant Sergeant Salinas and the medical staff.  Defendant Sergeant Salinas told Plaintiff that she would speak with a captain or a lieutenant.

Plaintiff later was interviewed by Defendants Lieutenant Garcia and Sergeant Marburg. Garcia and Marburg took Plaintiff's statement and took photographs of his eye. Plaintiff complains that nothing further happened until he began to press the issue and requested to speak with Defendant Unknown Warden. After that, Defendant Inspector Salinas called Plaintiff out to the control center for a recorded interview. Defendant Inspector Salinas allegedly attempted to manipulate Plaintiff into admitting that he had lied about the incident to get back at Defendant Newhall for taking his alcohol.

Plaintiff alleges that Defendants did not process his grievance or did not handle it properly, did not provide him with a discovery packet, and did not facilitate his speaking with the Michigan State Police. He contends that all Defendants have thereby violated his rights under the Eighth Amendment.

Plaintiff seeks a variety of injunctive relief, including an order requiring that Defendant Newhall be sued and that all MDOC officials be required to wear audio/visual-recording camera. He also seeks compensatory and punitive damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff alleges that Defendants have violated his rights under the Eighth Amendment by assaulting and battering him with a shoe and by failing to take action to hold Defendant Newhall responsible for throwing the shoe at Plaintiff.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. Const. amend. VIII. But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to

physical contact actionable as assault under common law." *Combs*, 315 F.3d at 556 (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

    **A.**    **Defendant Newhall**

Plaintiff alleges that Defendant Newhall twice threw a hard prison-issued shoe at Plaintiff, hitting Plaintiff in the face on the second throw. Although Defendant might have been

required to use some force, such as shaking Plaintiff awake because he was drunk and not responding to verbal threats, the facts alleged by Plaintiff are sufficient to support a conclusion that Defendant acted wantonly in throwing a shoe at Plaintiff's face. Plaintiff's Eighth Amendment claim against Defendant Newhall therefore will remain in the case.

### B.     Remaining Defendants

Plaintiff does not allege that any other Defendant took part in Newell's actions. He instead alleges that Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington neglected to take action to punish Newhall for his conduct, either by failing to properly handle or respond to grievances, failing to make accurate reports of Newhall's conduct, or failing to ask the Michigan State Police to investigate and seek prosecution of Defendant Newhall. Plaintiff also appears to suggest that, as supervisory officials, Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington are vicariously liable for Defendant Newhall's conduct.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th

Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington engaged in any active conduct that would violate Plaintiff's Eighth Amendment rights. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington.

## IV. Due Process Violations

Although Plaintiff invokes only the Eighth Amendment, he suggests that Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington violated his rights by not adequately handling his grievances or seeking to have Defendant Newhall punished. The Court presumes that Plaintiff also intends to assert a violation of his procedural due process rights.

To the extent that Plaintiff alleges that Defendants violated his due process rights by inadequately investigating his grievances, making misstatements in the grievance reports, or reaching an unreasonable conclusion in response to his grievance, Plaintiff fails to state a due process claim. Plaintiff has no due process right to file a prison grievance or to have it resolved in his favor. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at \*2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance

7

procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, the conduct of Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington did not deprive him of due process.

## V.     Failure to Initiate Prosecution

Plaintiff complains that Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington violated his constitutional rights because they failed to initiate a criminal investigation and prosecution of Defendant Newhall by the Michigan State Police. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004); *Gonzalez v. Perez*, No. 98-6575, 2000 WL 222584, at *2 (6th Cir. Feb. 14, 2000) (a prisoner has not authority to initiate a criminal complaint, as responsibility rests with state and federal prosecutors). Plaintiff therefore fails to state a claim against Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington for failing to initiate a criminal investigation and prosecution.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against Defendants Garcia, Marburg, (Inspector) Salinas, (Sergeant) Salinas, McCullick, Unknown Warden, and Washington will be dismissed for

failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

Plaintiff's Eighth Amendment claim against Defendant Newhall remains in the case.

An order consistent with this opinion will be entered.


Dated:  July 8, 2020                              /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge